UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE KORTE, an individual d/b/a EFK Systems,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:21-cv-0240 JAM DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Eugene Korte is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) The complaint's allegations concern an alleged cyber-attack.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's complaint be dismissed without leave to amend.

////

////

1

**I.      Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

1  (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by
2  lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true
3  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western
4  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

5  The minimum requirements for a civil complaint in federal court, as explained by Rule 8
6  of the Federal Rules of Civil Procedure ("Rules"), are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

10  Fed. R. Civ. P. 8(a).

11  **II.     Plaintiff's Complaint**

12  "[T]he in forma pauperis statute . . . 'accords judges not only the authority to dismiss a
13  claim based on an indisputably meritless legal theory, but also the unusual power to pierce the
14  veil of the complaint's factual allegations and dismiss those claims whose factual contentions are
15  clearly baseless.'" Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at
16  327). "Examples of the latter class are claims describing fantastic or delusional scenarios, claims
17  with which federal district judges are all too familiar." Neitzke, 490 U.S. at 328.

18  Here, the complaint identifies 17 defendants ranging from the Department of Homeland
19  Security, the Federal Communications Commission, the State of California, Vacaville City Hall,
20  Verizon Wireless, as well as several individuals. (Compl. (ECF No. 1) at 2.) The complaint
21  alleges that the defendants engaged in a "malicious cyber espionage attack" against the plaintiff
22  that "seemed to parallel the government's Stucknet cyberattack[.]" (Id. at 15.) Using "malicious
23  wireless malware, a Unified Extensible Firmware Interface" the defendants destroyed plaintiff's
24  copies of files associated with actions previously filed in this court. (Id. at 13-14.) The complaint
25  seeks "in camera ex parte hearing determining who, what, when, and why a secret FISA warrant
26  was obtained against the plaintiff[.]" (Id. at 17.) In this regard, the complaint's allegations are
27  delusional.
28  ////

3

### III. Leave to Amend

For the reasons stated above, plaintiff's complaint should be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiff leave to amend.

## CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's February 8, 2021 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's February 8, 2021 complaint (ECF No. 1) be dismissed without leave to amend; and

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 22, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/korte0240.dism.f&rs

4